IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL RAY LEWIS, (a/k/a LEWIS MICHAEL RAY) Plaintiff, v. D. ANDREWS, et al., Defendants. | § § § § § § § § § § § | CIVIL ACTION NO. H-19-0305 |

**MEMORANDUM AND ORDER**

Michael Ray Lewis, a Texas state inmate (TDCJ #746714), has filed this lawsuit under 42 U.S.C. § 1983. Lewis alleges that several employees of the Texas Department of Criminal Justice have used forged documents, in cooperation with a law firm, to keep Lewis in prison. He seeks $25 million in damages.

Lewis is representing himself and presumably moves for leave to proceed without prepaying the filing fee. After reviewing the pleadings and Lewis's litigation history, the court denies him leave to proceed without prepaying the filing fee and dismisses this case. The reasons are explained below.

Lewis's complaint is governed by the Prison Litigation Reform Act (PLRA), which was enacted, in part, to prevent prisoners from abusing the privilege of proceeding without prepayment of the filing fee. *Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996). Under the "three-strikes" rule established by the PLRA, a prisoner is not allowed to bring a civil action without prepayment of the filing fee in federal court if, while incarcerated, three or more of his civil actions

or appeals were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted, unless he is in "imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Adepegba*, 103 F.3d at 385. To fit within the exception, a prisoner must demonstrate that imminent danger of serious physical injury exists at the time he seeks to file his complaint. *Banos v. O'Guin*, 144 F.3d 883, 885 (5th Cir. 1998). The threat of harm must be "real and proximate." *Ciarpaglini v. Saini*, 352 F.3d 328, 330–31 (7th Cir. 2003) (citation omitted).

Lewis is a "three strikes" inmate who is barred under § 1915(g) from proceeding without prepaying the filing fee. *See, e.g., Lewis v. Treece*, Civil No. H-18-3435 (S.D. Tex. Oct. 1, 2018) (dismissing case with prejudice as frivolous and malicious); *Michael v. Treece*, Civil No. H-18-2610 (S.D. Tex. Sept. 28, 2018) (dismissing case with prejudice as malicious); *Ray v. Treece*, Civil No. H-16-3292 (S.D. Tex. Nov. 17, 2016) (dismissing case with prejudice for failure to state a claim). Lewis's complaint does not demonstrate that he is in imminent danger of serious physical injury. He may not proceed without prepaying the filing fee.

Lewis's implied motion to proceed without prepaying the filing fee is denied. The lawsuit is dismissed without prejudice under § 1915(g). Lewis may move to reinstate this case upon payment of the full $400.00 filing fee within 30 days from the date of this dismissal.

The Clerk will provide a copy of this order to the Manager of the Three-Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

SIGNED on January 31, 2019, at Houston, Texas.

Lee H. Rosenthal
Chief United States District Judge

2